**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

DENNIS ROGER BOLZE,

           Petitioner,

v.                                      Case No.: 5:20-cv-261-Oc-39PRL

WARDEN, FCC COLEMAN LOW,

           Respondent.

_____

**ORDER**

I.    **Status**

       Petitioner Dennis Roger Bolze, a federal prisoner in custody at FCC Coleman Low, initiated this case by filing a petition under 28 U.S.C. § 2241 for writ of habeas corpus. (Doc. 1, Petition). He also filed motions to proceed in forma pauperis (Doc. 2, Motion to Proceed IFP), to compel the Bureau of Prisons (BOP) to provide records (Doc. 3, Motion to Compel)[1], and to appoint counsel (Doc. 4, Motion to Appoint Counsel). The matter is before the Court for preliminary review under 28 U.S.C. § 2243, which provides that a court need not order a response if it is clear on the face of the petition that the petitioner is entitled to no relief. See Arnold v. Warden, FCC Coleman Low, No. 5:20-cv-199-Oc-02PRL, 2020 WL 2425731, at *1 (M.D. Fla. May 12, 2020).

       "Dennis Bolze perpetrated a $21 million Ponzi scheme for more than six years, affecting over one hundred victims in the United States and Europe and resulting in a multi-

---

[1]     Specifcally, Bolze seeks three records: (1) a record of his prison trust account, (2) an updated sentence computation sheet, and (3) a copy of the denial of his third-level appeal to BOP's central office (assuming a written decision has been issued).

million dollar loss to fraud victims." <u>United States v. Bolze</u>, 444 F. App'x 889, 890 (6th Cir. 2012). Pursuant to a written plea agreement, Bolze pleaded guilty in the United States District Court for the Eastern District of Tennessee to three counts of wire fraud and three counts of money laundering. <u>See</u> <u>id.</u> The district court sentenced him to a term of 327 months in prison, which the United States Court of Appeals for the Sixth Circuit affirmed on direct appeal. <u>Id.</u>

In 2020, Bolze filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in the Eastern District of Tennessee. <u>See</u> <u>United States v. Bolze</u>, --- F. Supp. 3d ---, 2020 WL 2521273 (E.D. Tenn. May 13, 2020). Bolze argued that he was eligible for a sentence reduction based on his age (71), his "deteriorating" health, and the Covid-19 pandemic, among other things. <u>Id.</u> at *7. The district court denied the motion because Bolze had failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement, <u>id.</u> at *2-6, and because Bolze had not shown that extraordinary and compelling circumstances justified compassionate release, <u>id.</u> at *6-9.

Having been denied relief by the court that sentenced him, Bolze filed the instant Petition before this Court on June 5, 2020. <u>See</u> Petition at 9. He challenges the denial of a transfer to home confinement and the denial of compassionate release. Petition at 2; (<u>see also</u> Doc. 1-2, Supporting Facts). Bolze, a white male, alleges that he has been denied home confinement because of his race and sex. Petition at 2, 8; Supporting Facts at ¶¶ 20, 21. Bolze contends that the "BOP has denied Petitioner his rights under the Due Process Clause, where the events surrounding [the] Covid-19 pandemic created a harsher than … anticipated punishment that is fundamentally different than what others experience

for criteria under the CARES Act / First Step Act." Id. at 6.[2]

## II.   **Discussion**

A motion to vacate sentence under 28 U.S.C. § 2255 is the "exclusive mechanism

for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause,'" i.e.,

§ 2255(e). McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th

Cir.), cert. denied sub nom. McCarthan v. Collins, 138 S. Ct. 502 (2017). The saving clause

permits a federal prisoner to proceed with a habeas petition under § 2241 only when the

remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28

U.S.C. § 2255(e). The Eleventh Circuit has made clear that § 2255 is inadequate or

ineffective to test the legality of a federal prisoner's detention, such that he may proceed

under § 2241, only in very narrow circumstances:

> (1) when raising claims challenging the execution of the sentence, such as
> the deprivation of good-time credits or parole determinations; (2) when the
> sentencing court is unavailable, such as when the sentencing court itself has
> been dissolved; or (3) when practical considerations, such as multiple
> sentencing courts, might prevent a petitioner from filing a motion to vacate.

Bernard v. FCC Coleman Warden, 686 F. App'x 730, 730-31 (11th Cir. 2017) (citing

McCarthan, 851 F.3d at 1092-93).

Because Bolze appears to challenge the execution of his sentence – specifically,

the denial of home confinement and compassionate release – his Petition may proceed

under 28 U.S.C. §§ 2241 and 2255(e). Nevertheless, the Petition does not merit relief.

First, to the extent Bolze challenges the denial of home confinement, the Court has

no jurisdiction to override the BOP's decision because the Attorney General has exclusive

---

[2]     The Court notes that, according to the BOP's latest data, no inmates are currently
positive for Covid-19 at Coleman Low. https://www.bop.gov/coronavirus/

jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act); United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020). Indeed, a request for home confinement is akin to a prisoner's request to be transferred to a different institution. However, a prisoner lacks a constitutionally protected liberty interest in his place of confinement. See Meachum v. Fano, 427 U.S. 215, 225, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976).

> As the Supreme Court has explained, "the Due Process Clause in and of itself [does not] protect a duly convicted prisoner against transfer from one institution to another." Id. at 225, 96 S. Ct. 2532. Nor does it give him a right to transfer to a particular institution of his choosing. See id. This is so because a defendant's valid conviction authorizes the government to "confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." Id. at 224, 96 S. Ct. 2532. Thus, the fact "[t]hat life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to [or denied a transfer from] the institution with the more severe rules." Id. at 225, 96 S. Ct. 2532.
>
> Furthermore, "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39, 122 S. Ct. 2017, 153 L. Ed. 2d 47 (2002). Indeed, prison officials generally "have the discretion to transfer prisoners for any number of reasons." Meachum, 427 U.S. at 228, 96 S. Ct. 2532; see also 18 U.S.C. § 3621(b) (providing that the Bureau of Prisons "may at any time ... direct the transfer of a prisoner" from one facility to another subject to considerations such as the resources of the facility, the nature of the offense, and the history and characteristics of the prisoner). Accordingly, the Supreme Court generally "has not required administrators to conduct a hearing before transferring [or declining to transfer] a prisoner." McKune, 536 U.S. at 39, 122 S. Ct. 2017.

Williams v. Flournoy, 732 F. App'x 810, 812 (11th Cir. 2018). Since Bolze has no constitutionally protected interest in his place of confinement, his request for a transfer to

home confinement is due to be denied.

Bolze's claim that he was unconstitutionally denied home confinement because of his race and sex fares no better. Bolze points to two facts that he claims prove disparate treatment: (1) that since March 27, 2020, one-third of the inmates at the women's facility have been released whereas less than 3% of the inmates at the men's facility have been released; and (2) that the BOP transferred to home confinement Corrine Brown, a 73-year-old former Congresswoman who was convicted of 16 counts of fraud and sentenced to 60 months in prison (and who happens to be African-American). Supporting Facts at ¶¶ 20, 21. "To show an equal protection violation, a plaintiff must demonstrate that he was treated differently <u>from similarly situated persons</u> and that any such disparate treatment <u>was based on his membership in a protected class</u>." <u>Wusiya v. City of Miami Beach</u>, 614 F. App'x 389, 393 (11th Cir. 2015) (emphasis added) (citing <u>DeYoung v. Owens</u>, 646 F.3d 1319, 1327-28 (11th Cir. 2011)). Bolze does not allege facts establishing either prong. First, Bolze fails to allege any facts demonstrating that the inmates who were released from the women's facility, including Ms. Brown, were similarly situated to him. It is unlikely they were. As noted above, Bolze perpetrated a staggering $21 million Ponzi scheme that affected over a hundred victims, for which the district court sentenced him to 327 months in prison. <u>Bolze</u>, 444 F. App'x at 890. Bolze presents no evidence that the inmates released from the women's facility committed equally egregious crimes or received similarly severe sentences. Second, the warden's rejection of Bolze's administrative request for early release does not reflect that his race or sex played any role in the decision, and the same is true for the denial of his appeal by the regional office. (Doc. 1-1 at 8, 12). As such, Bolze's equal protection claims are meritless on their face.

Bolze also is not entitled to habeas relief to the extent he seeks compassionate release. Before passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, only the Director of the BOP could move for compassionate release on an inmate's behalf, and the Director's decision not to file such a motion was judicially unreviewable. See, e.g., Cruz-Pagan v. Warden, FCC Coleman Low, 486 F. App'x 77, 79 (11th Cir. 2012); Crowe v. United States, 430 F. App'x 484, 485 (6th Cir. 2011) (collecting cases). Following the First Step Act, the Director still has the ability to file a motion for compassionate release, but if he does not, the defendant may move for compassionate release on his own behalf "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Importantly though, a motion for compassionate release must be brought before the court that imposed the sentence. See, e.g., United States v. Raia, 954 F.3d 594, 596 (3d Cir. 2020) ("Section 3582's text requires those motions to be addressed to the sentencing court.") (citations omitted); Arnold, 2020 WL 2425731, at *1 (dismissing § 2241 petition seeking compassionate release because such a request must be brought in the sentencing court). This Court did not impose the sentence, the Eastern District of Tennessee did, and Bolze has already filed an unsuccessful motion for compassionate release there. Bolze, --- F. Supp. 3d ---, 2020 WL 2521273. Bolze may not circumvent that decision by dressing up a successive motion for compassionate release as a habeas petition. His request for compassionate release is cognizable under 18 U.S.C. § 3582(c)(1)(A), not 28 U.S.C. § 2241.

Finally, it is possible to construe Bolze's Petition as claiming that the existence of Covid-19 violates substantive due process because "the events surrounding [the] Covid-19 pandemic created a harsher than … anticipated punishment." Petition at 6. But as noted above, no inmates are reported to be positive for Covid-19 at Bolze's facility. <u>Supra</u>, Footnote 2. Besides, the mere presence of Covid-19, without more, does not establish a due process violation. <u>See</u>, <u>e.g.</u>, <u>Swain v. Junior</u>, --- F.3d ---, 2020 WL 3167628, at *5-10 (11th Cir. Jun. 15, 2020) (reversing district court's grant of preliminary injunction; finding that inmates were unlikely to succeed on their deliberate indifference claims because jail officials had taken reasonable precautions against Covid-19, even if it did not prevent the virus's spread). And "the Supreme Court has held prisoners do not have a constitutional right to be released before the expiration of a valid sentence." <u>Calderon</u>, 801 F. App'x at 732 (citing <u>Greenholtz v. Inmates of Neb. Penal & Corr. Complex</u>, 442 U.S. 1, 7 (1979)).

Accordingly, based on the above discussion, it is hereby **ORDERED:**

1. Dennis Roger Bolzes's Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus (Doc. 1) is **DISMISSED**. The Motion for Leave to Proceed In Forma Pauperis (Doc. 2), Motion to Compel Records (Doc. 3), and Motion to Appoint Counsel (Doc. 4) are **DENIED AS MOOT**.

2. The Clerk should enter judgment dismissing the petition without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 2nd day of July, 2020.

BRIAN J. DAVIS
United States District Judge

7

lc 19

Copies:

Pro se petitioner
Warden, FCC Coleman Low